UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHDEE ABDUL AKBAR,<br><br>Plaintiff,<br><br>JENNIFER BARRETTO,<br><br>Defendant. | No. 2:17-cv-00140 GGH<br><br><br>ORDER |

Petitioner acting in pro se filed a petition for a writ of habeas corpus in the Northern District of California on January 10, 2017. ECF No. 1. On January 19, 2017, Magistrate Judge Maria-Elena James issued an Order transferring the action to this court. ECF No. 4. This proceeding was referred to this court under Local Rule 302(21) and 28 U.S.C. section 636(b)(!).

Plaintiff has also submitted an affidavit making the showing required by 28 U,S.C. 1915(a) seeking to proceed in forma pauperis, ECF No. 10 and a Motion for an Extension of Time to file a petition, ECF No. No. 7.

DISCUSSION

A. IN FORMA PAUPERIS APPLICATION

The court has determined that plaintiff meets the requirement for in forma pauperis and, accordingly, his request will be GRANTED. However, merely determining eligibility for in forma pauperis status does not conclude the court's duties.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–1228 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are "clearly baseless." Neitzke, 490 U.S. at 327.  Thus, the term "frivolous," when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. at 325.

A less stringent examination is afforded pro se pleadings, Haines, 404 U.S. at 520, 92 S. Ct. at 595, but simple reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction. Id.  Here petitioner purports to seek habeas corpus but his petition discloses that he is not challenging his conviction or his resulting sentence.  Rather he appears to allege that he is being deprived of his right to proper medical care and suffering discrimination.  This is not a subject for habeas corpus, but rather one that may be pleaded under 28 U.S.C. § 1983.

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682 (1945).  A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 537-538 (1974).

Simple reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by

1  pleading a cause of action within the court's original jurisdiction.  Id.  Section 1983; however, is

2  merely the statutory vehicle for pursuing damages claims arising from federal constitutional and

3  statutory violations committed by government officials.  Section 1983 does not create any

4  substantive rights.  To succeed on a § 1983 damages or prospective relief claim, a plaintiff must

5  demonstrate not only the deprivation of a right secured by the Constitution or laws of the United

6  States, but that defendant acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

7        When filing his amended complaint asserting a claim under section 1983, if he chooses to

8  do so, plaintiff is referred to Federal Rule of Civil Procedure 8.  That Rule imposes the

9  requirement of a short and plain statement which means a complaint must include "sufficient

10 allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block,

11 932 F.2d 795, 798 (9th Cir. 1991); 5 C. Wright & A. Miller, Federal Practice and Procedure §

12 1202 (2d ed. 1990).  Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir.

13 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice

14 requirement of Rule 8.)  Here, the complaint contains a narrative that does not contain sufficient

15 specific allegations that put defendants fairly on notice.  Plaintiff's Complaint does not articulate

16 how defendants' actions violate his civil rights, i.e., what right was violated.  He does not

17 articulate the nature of the injury he suffered, i.e., personal injury, denial of health care services,

18 discrimination based on status, such as religious belief, etc.  See Conley v. Gibson, 355 U.S. 41,

19 47  (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (vague and

20 scanty allegations fail to satisfy the notice requirement of Rule 8).

## CONCLUSION

22       Given the vague, threadbare state of plaintiff's allegations, the court cannot permit the

23 action to proceed as it is presently pleaded.  Instead of dismissing the case with prejudice,

24 however, plaintiff will be granted leave to file an amended complaint, if he can allege a

25 cognizable legal theory against proper defendants and sufficient facts in support of that

26 cognizable legal theory.  Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

27 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

28 their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

1 shall clearly set forth the claims and allegations against each defendant.  Any amended complaint
2 must cure the deficiencies identified above and also adhere to the following requirements:
3       Any amended complaint must identify as a defendant only persons who personally
4 participated in a substantial way in depriving him of a federal constitutional right.  Johnson v.
5 Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
6 constitutional right if he does an act, participates in another's act or omits to perform an act he is
7 legally required to do that causes the alleged deprivation).
8       In light of the foregoing, it is hereby ordered that:
9       1.      Plaintiff's complaint is dismissed without prejudice;
10      2.      Plaintiff may file an amended complaint in compliance with the directions above
11  within 30 days of  the service of this Order;
12      3.      Plaintiff's Motion for an extension of time to file an amendment is DENIED as
13  moot;
14      4.      Plaintiff is notified that failure to comply with this order may result in a
15 recommendation that his complaint be dismissed with prejudice.
16      **IT IS SO ORDERED.**
17 Dated: February 28, 2017

                              /s/ Gregory G. Hollows
18                     UNITED STATES MAGISTRATE JUDGE